**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| BORGER MANAGEMENT, INC., <br> 1111 14th Street, N.W. <br> Suite 200 <br> Washington, DC 20005 <br>       Plaintiff, <br><br> v. <br><br> THE HANOVER INSURANCE COMPANY, <br> 440 Lincoln Street <br> Worcester, MA 01653 <br><br>       Defendant. | Case No. |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1441 and 1446, The Hanover Insurance Company ("Hanover") files this Notice of Removal. In support of this Notice of Removal, Hanover states:

1. Plaintiff Borger Management, Inc. ("Borger") brought this action against Hanover in the Superior Court of the District of Columbia by filing a Complaint on October 7, 2015, which was docketed as Case No. 2015 CA 007704 B (the "Complaint"), a copy of which is attached as Exhibit 1.

2. On October 9, 2015, Hanover was served with a copy of the Complaint.

3. Hanover issued Miscellaneous Professional Liability Policy No. LHR A1112703-01 to Borger for the policy period of September 20, 2014 to September 20, 2015 (the "Policy"). The Policy has a $1 million limit of liability subject to a $10,000 per Claim Deductible. Borger has sought coverage under the Policy in connection with a $200,000 transfer of funds wired by a

Borger representative from an account of Borger's client, Buckingham Jenco, LP (the "Wire Transfer").  Hanover disputes that coverage is available under the Policy for the Wire Transfer.

4. The basis for removal is diversity of citizenship jurisdiction.  Pursuant to 28 U.S.C. § 1332(a), United States District Courts have original jurisdiction over all civil actions in which the matter in controversy is in excess of $75,000, exclusive of interest and costs, and in which complete diversity exists between all plaintiffs and all defendants.

5. There is complete diversity of citizenship between Plaintiff and Defendant.  Plaintiff is now, and was at the time of the filing of this action, a citizen of the District of Columbia.  It is a corporation organized under the laws of the District of Columbia and with its principal place of business in the Washington, D.C.  *See* Ex. 1, ¶ 1 ("Plaintiff . . . is a corporation organized under the laws of the District of Columbia with its principal place of business at 1111 14th St., N.W., Suite 200 in Washington, D.C.").

6. Hanover is now, and was at the time of the filing of this action, a citizen of New Hampshire and Massachusetts.  It is a corporation organized under the laws of New Hampshire and maintains its principal place of business in Worcester, Massachusetts.  *See* Ex. 1, ¶ 2 .

7. The amount in controversy exceeds $75,000, exclusive of interest and costs.  Borger sought coverage for the Wire Transfer, demanding payment for the $200,000 it incurred in replacing the amount transferred from Buckingham Jenco, LP's account.  *See* Ex. 1, ¶¶ 13-14.  Borger seeks compensatory damages of $200,000 and an unstated amount of consequential damages.  *See* Ex. 1, ¶ 38; 28 U.S.C. § 1446(c)(2).

8. This Notice of Removal is timely.  It has been filed with this Court within thirty (30) days of Hanover's receipt on October 9, 2015 "through service or otherwise, of a copy of

the initial pleading setting forth the claim for relief upon which such action or proceeding is based," as provided by 28 U.S.C. § 1446(b).

9. Pursuant to 28 U.S.C. § 1446(a), Hanover represents that, apart from the Complaint and exhibits attached to the Complaint, it has received no other process, pleadings, motions or orders in this action.

10. Accordingly, jurisdiction over the subject matter of this case is conferred by 28 U.S.C. §§ 1332(a)(1), and removal is proper pursuant to 28 U.S.C. § 1441(a).

11. Pursuant to 28 U.S.C. § 1446, Defendants are filing with this Notice of Removal a copy of all process, pleadings, and orders it has received. Copies of all such papers are attached as Exhibit 1.

11. A copy of this Notice of Removal will be served upon Plaintiff and filed with the Clerk of the Court for the Superior Court of the District of Columbia to effect removal of this action to the United States District Court for the District of Columbia pursuant to 28 U.S.C. § 1446(d).

Having established all of the requirements for removal under 28 U.S.C. §§ 1441 and 1446, including all jurisdictional requirements established by 28 U.S.C. § 1332, Defendant Hanover hereby removes this case to the United States District Court for the District of Columbia.

Respectfully submitted this 5th day of November, 2015.

By s/ *Marc E. Rindner*
_____
Richard A. Simpson (DC Bar No. 411893)
Marc E. Rindner (DC Bar No. 461250)
WILEY REIN LLP
1776 K Street NW
Washington, DC 20006
(202) 719-7486
rsimpson@wileyrein.com
mrindner@wileyrein.com
*Counsel for The Hanover Insurance Company*

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 5, 2015, a true and correct copy of this document was served on the following person(s) via U.S. Mail and e-mail:

Debra F. Leege
Greenstein Delorme & Luchs, P.C.
1620 L Street, N.W., Suite 900
Washington, DC 20036-5605
Telephone: (202) 452-1400
E-mail: dfl@gdllaw.com
*Counsel for Borger Management, Inc.*

                                        s/ *Marc E. Rindner*
                                        Marc E. Rindner
                                        WILEY REIN LLP

                                        *Counsel for The Hanover*
                                        *Insurance Company*